UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN GOODHEIM, | Case No. 3:21-cv-00175-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Defendants. | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Shaun Goodheim, a former state prisoner. (ECF No. 1-1.) On September 16, 2021, this Court issued an order directing Goodheim to file his updated address and a non-prisoner application to proceed *in forma pauperis* (IFP Application) with this Court within 30 days. (ECF No. 4.) The 30-day period has now expired, and Goodheim has not filed his updated address, filed a non-prisoner IFP Application, or otherwise responded to the Court's order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

---

[1] The Court notes that its order was initially sent to Southern Desert Correctional Center, even though Goodheim had updated his address to Three Lakes Valley Conservation Camp. (ECF No. 5.) However, on September 30, 2021, the Court resent its order to Three Lakes Valley Conservation Camp, and the order was returned undeliverable because Goodheim had been paroled. (ECF No. 6.) Even accounting for this delay in sending the Court's order to Goodheim's last known address, Goodheim has now had more than thirty (30) days to respond to the Court's order, and he has failed to do so.

noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Goodheim to file his updated address and file a non-prisoner IFP Application with the Court within 30 days expressly stated: "It is further ordered that, if Plaintiff fails to timely comply with this order, the Court will dismiss this

case without prejudice." (ECF No. 4 at 2.) Thus, Goodheim had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this case is dismissed without prejudice based on Goodheim's failure to file an updated address and a non-prisoner application to proceed *in forma pauperis* in compliance with this Court's September 16, 2021, order. (ECF No. 4.)

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE